# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* O.G.

No. 18-0360 (Harrison County 16-JA-61)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.O., by counsel Julie N. Garvin, appeals the Circuit Court of Harrison County's March 14, 2018, order terminating her parental rights to O.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), E. Ryan Kennedy, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights without the imposition of a less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR alleged that petitioner recently overdosed and that her substance abuse negatively affected her ability to parent O.G. According to the DHHR, petitioner admitted that she had overdosed twice in 2017 and used heroin daily. Additionally, the DHHR alleged O.G.'s grandfather, who took custody of the child following her removal, reported that O.G.'s teeth were so deteriorated that she required surgery to remove or repair sixteen teeth.

Petitioner stipulated to the allegations of drug use in January of 2018. The circuit court adjudicated petitioner as an abusing parent based on her stipulation. Petitioner subsequently filed a motion for a post-adjudicatory improvement period. In her motion, petitioner acknowledged her need for inpatient drug treatment, random drug screenings, individual therapy, parenting

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

classes, and a stable and clean home environment. Petitioner additionally asserted she would fully participate in the terms of an improvement period and be fully cooperative with service providers.

In March of 2018, the circuit court held a dispositional hearing to consider petitioner's motion for a post-adjudicatory improvement period and a DHHR motion to terminate her parental rights. A case worker testified that she had made herself available to petitioner on multiple occasions and petitioner did not appear for those appointments. The worker further testified that petitioner was not participating in drug screens or inpatient drug treatment. According to the worker, petitioner was having regular contact with the child by phone. Petitioner admitted that she had not participated in the services requested, but asserted that she would participate if given the chance. Petitioner further admitted that she failed to meet with the case worker and offered no excuse for that failure. According to petitioner, she continued to use heroin on a daily basis. On cross-examination, petitioner admitted that she had not sought drug treatment despite suffering from two overdoses in 2017.

Ultimately, the circuit court found that petitioner was not likely to fully participate in an improvement period and denied her motion for such. Further, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected due to petitioner's failure to take sufficient steps to address her substance abuse problems. Accordingly, the circuit court terminated petitioner's parental rights in its March 14, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]O.G.'s father voluntarily relinquished his parental rights to the child. According to the parties, the child is in foster placement in a relative's home with a permanency plan of adoption therein.

2

First, petitioner argues that the circuit court erred in denying her motion for an improvement period. In support, petitioner asserts that she properly requested an improvement period and presented clear and convincing evidence that she was likely to fully participate in an improvement period. Further, petitioner insists that granting her an improvement period would have been in the best interest of the child. We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

The circuit court did not err in denying petitioner's motion for an improvement period because petitioner did not prove by clear and convincing evidence that she was likely to fully participate in that improvement period. Petitioner did not participate in services leading up to the dispositional hearing. Petitioner was offered drug screens and appointments with her DHHR worker to collaborate on further services and petitioner did not participate in either opportunity. Petitioner's only effort into remedying her substance abuse was "picking up a packet" regarding a treatment facility. Petitioner offered no evidence that she applied to that facility or any other. Finally, petitioner honestly answered that she had "no excuse" for her failure to participate. The circuit court correctly found that petitioner was not likely to participate in an improvement period. Accordingly, we find that the circuit court did not err in denying petitioner's motion for an improvement period.

Second, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that the circuit court's findings that termination of her rights was in the best interest of her child and necessary for the welfare of the child was erroneous. Petitioner also contends that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. We disagree. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the child. Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has not "responded to or followed through with a reasonable family case plan or other rehabilitative efforts."

The circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner failed to respond or follow through with rehabilitative efforts. As discussed above, petitioner took no action to resolve her issues of substance abuse since the filing of the petition. Moreover, petitioner admitted that, despite two prior overdoses, she continued to use heroin on a daily basis

rather than seek treatment. Petitioner's untreated addiction was an ongoing threat to herself and her child. Petitioner argues that the circuit court could have imposed a less restrictive alternative to termination of her parental rights, such as temporary custody arrangement as found in West Virginia Code § 49-4-604(b)(5). Petitioner asserts that her parental rights could remain intact and the circuit court could adequately protect the child by prohibiting visitation and, ultimately, custody until petitioner was no longer a danger to the child. However, we have held that

> "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. The circuit court is not required to provide petitioner every possible opportunity to improve, especially when there was no reasonable likelihood that she would improve. Petitioner's proposed disposition would not achieve permanency for the child, given our prior holdings "that adoption, with its corresponding rights and duties, is the permanent out-of-home placement option which is most consistent with the child's best interests." *State v. Michael M.*, 202 W.Va. 350, 358, 504 S.E.2d 177, 185 (1998)(internal quotations omitted). By terminating petitioner's parental rights, the child's best interests can be served through adoption by suitable individuals. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court correctly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that it was necessary for the welfare of the child to terminate petitioner's parental rights. Accordingly, we find no error in the circuit court's order terminating petitioner's parental rights rather than imposing a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 14, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.